## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL WALKER, on behalf of himself and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>OSTERMAN PROPANE LLC and VINCENT OSTERMAN,<br><br>   Defendants. | Civil Action No. 1:17-cv-10416 |

## NOTICE OF REMOVAL

Defendants Osterman Propane LLC ("Osterman Propane") and Vincent Osterman ("Osterman") (together, "Defendants") hereby file this Notice of Removal of the above-captioned action from the Massachusetts Superior Court, Suffolk County, Civil Action No. 2017-CV-0384, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of the facts set forth below:

### BACKGROUND

1. On or about February 3, 2017, Plaintiff Daniel Walker commenced this putative class action in the Massachusetts Superior Court, Suffolk County, captioned *Walker v. Osterman Propane LLC, et al.*, docket no. 2017-CV-0384 ("State Court Action"). A true and correct copy of the Original Complaint and Civil Action Cover Sheet is attached as Exhibit A.

2. On February 21, 2017, Defendant Osterman was served with the Complaint and summons. On February 21, 2017, Defendant Osterman Propane was served with the Complaint and summons. True and correct copies of the materials served on both Defendants are attached as Exhibits B and C.

3. Plaintiff was a delivery driver previously employed by Defendant Osterman Propane. Compl. ¶8. Plaintiff's Complaint in the State Court Action asserts two claims under Massachusetts statutory law pertaining to the payment of wages, Mass. Gen. Laws ch. 149, §§ 148, 150 and the payment of overtime wages, Mass. Gen. Laws ch. 151, §§ 1A, 1B. The Complaint asserts that Defendants automatically deducted wages representing 30-minute meal breaks from Plaintiff's compensation, even when Plaintiff was not relieved of all work duties during those breaks, and failed to pay him for all hours worked in violation of Mass. Gen. Laws ch. 149, § 148. Compl. ¶¶ 12-14, 16. Plaintiff purports to bring this claim on behalf of himself and all others similarly situated. Compl. ¶¶20, 25. Plaintiff also purports to bring a claim for non-payment of overtime for hours worked in excess of forty per workweek in violation of Mass. Gen. Laws ch. 151, § 1A, on behalf himself and all others similarly situated. Compl. ¶¶20, 25. Defendants deny Plaintiff's factual allegations, contend that he was exempt from and not subject to the overtime pay requirements of Massachusetts law, that he was paid all sums he was owed, and that his claims are not appropriate for class action treatment.

## TIMELINESS OF REMOVAL

4. The time within which 28 U.S.C. § 1446(b) allows Defendants to file this Notice of Removal has not expired. Defendant Osterman was served with process on February 21, 2017. Defendant Osterman Propane was served with process on February 21, 2017. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after Defendants received service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

**REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT**

5. The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. § 1332(d)(2). As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. § 1441(a), as the amount in controversy exceeds $5,000,000, exclusive of interest and costs; the action includes more than 100 putative class members; and the action is a class action in which at least one class member is a citizen of a state different from that of at least one Defendant.

**Diverse Citizenship of the Parties**

6. Defendant Osterman is a citizen and resident of Massachusetts. Compl. ¶ 4. Plaintiff Daniel Walker is a citizen and resident of New Hampshire.[1] Compl. ¶ 2. Minimal diversity for purposes of jurisdiction under CAFA is therefore established by Plaintiff's Complaint.

**Amount in Controversy**

7. Although Plaintiff has not alleged the amount of damages that he seeks on behalf of himself or the putative class, based on Plaintiff's allegations, there is a reasonable probability that the amount in controversy exceeds the sum of $5,000,000, in the aggregate.

8. Plaintiff seeks to represent a putative class of "similarly situated delivery drivers, who worked predominantly in Massachusetts at any time within three years of the

---

[1] In class action suits, only the citizenship of the named plaintiff is counted for purposes of determining diversity jurisdiction. *Snyder v. Harris,* 394 U.S. 332, 340 (1969).

commencement of this action up through the time of judgment."[2]  Compl. ¶ 25.  Plaintiff does not assert a precise number of putative class, but predicts that there may be more than fifty (50) members.  Compl. ¶ 19.  In fact, in the three years prior to the filing of Plaintiff's Complaint, more than 100 individuals were employed by Defendant Osterman Propane as delivery drivers in Massachusetts.

     9.     Plaintiff's Complaint seeks "statutory trebling of all damages, interest, and attorneys' fees and costs, as provided for by law."  Compl. ¶ 1.  In the Prayer for Relief section of the Complaint, Plaintiff reiterates his demand for "[a]n award of damages for all wages and other losses to which Plaintiff and similarly situated employees are entitled," "[s]tatutory trebling of all wage related damages," and "[a]ttorneys' fees, costs, and interest." Compl. (Prayer for Relief).

     10.     Based on Plaintiff's allegations, the amount in controversy exceeds, in the aggregate, five million dollars ($5,000,000).[3]  Indeed, Plaintiff claims that class members are entitled to three times the amount of regular and overtime wages that Defendants' allegedly failed to pay delivery drivers during the relevant period.  Compl. ¶ 1.  As such, this matter would meet the amount in controversy requirement if Plaintiff could show underpayment to members of the class in one-third of the jurisdictional amount, i.e., $1,666,666.  Assuming a class of just 100 individuals, average unpaid wages of less than $16,667 per class member would be sufficient to

---

[2] In defining the putative class in this manner, Plaintiff appears to implicitly reference the relevant statute of limitations for claims under Mass. Gen. Laws ch. 149, §148 ("Wage Act") and Mass. Gen. Laws ch. 151, § 1A ("Overtime Law").  The statute of limitation for the Wage Act is three years. *See* Mass. Gen. Laws ch. 149, §150   The statute of limitation for the Overtime Law is also three years. *See* Mass. Gen. Laws ch. 151, § 20A.

[3] Defendants do not concede that Plaintiff is entitled to the amount of money put in controversy by the filing of his Complaint in the State Court Action.  To the contrary, Defendants maintain that Plaintiff's claims are without merit and that Defendants have no liability to Plaintiff or members of the putative class on any of the claims asserted in the State Court Action.

establish jurisdiction. In light of Plaintiff's allegations of 60-70 hour workweeks (*see* Compl. ¶ 11) and missed meal breaks each and every day (see Compl. ¶ 13), the requisite amount is readily placed in controversy. Additionally, Plaintiff demands attorneys' fees, costs, and interest, which must be included in the amount in controversy and further support the reasonable probability that this amount exceeds the statutory minimum.

11. Because diversity of citizenship exists under CAFA, because there are more than 100 putative class members, and because the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2).[4] This action is therefore a proper one for removal to this Court.

## VENUE

12. Venue lies in this Court pursuant to 28 U.S.C. § 1441 and § 1446(a) because this action originally was brought in the Massachusetts Superior Court, Suffolk County, which is within the District of this Court.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal, will be filed with the Clerk of the Massachusetts Superior Court, Suffolk County and is attached hereto as Exhibit D. All parties will receive a copy of the notice filed with that court.

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in this action are attached hereto as Exhibits A, B and C.

---

[4] A notice of removal need only contain allegations that the CAFA jurisdictional requirements are met. *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 43 (1st Cir. 2009) (considering evidence supporting amount in controversy requirement alleged in defendant's notice of removal only after plaintiff filed a motion to remand). To the extent that there is any challenge to federal subject matter jurisdiction in this matter, Defendants reserve their rights to submit evidence establishing the facts giving rise to such jurisdiction.

15.     All Defendants in this action, by and through their undersigned counsel, hereby join in and consent to the removal of this action to this Court.

WHEREFORE, for the reasons stated above, Civil Action No. 2017-CV-0384, pending in the Massachusetts Superior Court, Suffolk County, hereby is removed to this Court.

Respectfully submitted,

DEFENDANTS OSTERMAN PROPANE, LLC
and VINCENT OSTERMAN,

By their attorneys:

DATED: MARCH 13, 2017

/s/ Barry J. Miller
Barry J. Miller (BBO # 661596)
bmiller@seyfarth.com
Anthony S. Califano (BBO# 661136)
acalifano@seyfarth.com
Bridget M. Maricich (BBO #670844)
bmaricich@seyfarth.com
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Fax: (617) 946-4801

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 13th day of March, 2017, a copy of the foregoing document was filed electronically through the Court's ECF system and served by first class mail, postage pre-paid, on the following counsel for Plaintiffs:

Todd J. Bennett, Esq.
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141

Eric R. LeBlanc, Esq.
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141

Craig D. Levey, Esq.
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141

Sarah E. Amundson, Esq.
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141

                /s/ Barry J. Miller
                Barry J. Miller