# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.  SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

17-0384

DANIEL WALKER,  )
   Plaintiff  )
  )
v.  )
  )
OSTERMAN PROPANE LLC and  )
VINCENT OSTERMAN,  )
   Defendants  )

## CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY

### I. INTRODUCTION

1. This class action is brought by a delivery driver who worked for Defendants, on behalf of himself and all other similarly situated delivery drivers who work or worked for Defendants primarily in Massachusetts. Defendants' unlawful failure to compensate the delivery drivers for all hours worked, and Defendants' failure to pay overtime for hours worked in excess of 40 in a workweek, violate Massachusetts Payment of Wages Law, G. L. c. 149, §148 and Massachusetts Overtime Law, G. L. c. 151, §1B. Plaintiffs seek, among other forms of relief, statutory trebling of all damages, interest, and attorneys' fees and costs, as provided for by law.

### II. PARTIES

2. Plaintiff, Daniel Walker ("Walker"), is an adult resident of New Hampshire. At all times relevant, Plaintiff was an employee of Defendants, working primarily in Massachusetts from January 2015 through September 2016.

3. Defendant, Osterman Propane LLC ("Osterman Propane"), is a Delaware corporation with a principal place of business located at One Memorial Square, Whitinsville, Massachusetts.

Osterman Propane operates locations throughout New England, and has approximately nine branch locations in Massachusetts.

4. Upon information and belief, Defendant, Vincent Osterman ("Osterman"), is an adult resident of Massachusetts. Osterman is the President of Osterman Propane.

### III. STATEMENT OF FACTS

5. Osterman Propane provides propane for residential, commercial and industrial client needs and services over 80,000 customers across the New England states of Massachusetts, New Hampshire, Connecticut, Rhode Island and Vermont.

6. Osterman Propane offers its customers 24-hour emergency service, and advertises to customers that employees are on call 365 days a year to address customer needs. In fact, on its website, Osterman promises customers, "when you call into one of our branches, you will always talk to a real person, not a machine. Day or night, Osterman Propane is always ready to resolve any problems you may have." See Exhibit A.

7. In order to provide the services that it promises customers, Osterman employs propane delivery drivers.

8. Walker was employed by Osterman Propane as a bulk propane delivery driver from January 2015 to September 2016, working primarily out of Osterman Propane's Methuen customer service center.

9. A bulk propane delivery driver, such as Walker, is responsible for delivering propane gas to residential and business customers within an approximately 40-mile radius of the Methuen, Massachusetts customer service center. Plaintiff worked in Massachusetts and New Hampshire.

10. Osterman Propane requires all bulk propane delivery drivers to work for a minimum of eight-and-one-half hour shifts. For example, Walker was assigned to work a minimum shift from 7:00AM to 3:30PM.

11. During the busy fall and winter seasons, from October to April, shifts often exceeded eight and one-half hours. During the busy season, Plaintiff, and others similarly situated, sometimes worked in excess of ten hours per day, for six or seven days per week.

12. For each eight-and-one-half hour shift that Osterman Propane's bulk propane delivery drivers worked, Osterman Propane deemed 30 minutes to be a meal break. Accordingly, Defendants automatically deducted 30 minutes from the hours worked.

13. However, bulk propane delivery drivers, including Plaintiff and others similarly situated, regularly worked through their entire shift, never taking any 30-minute meal break, and were on call to respond to customer delivery needs for the entire duration of their shift.

14. In fact, Mike Smith, Branch Manager at Osterman Propane's Methuen branch, insinuated to Plaintiff that he was not permitted to take a break during his shift.

15. Although Plaintiff, and others similarly situated, frequently worked in excess of 40 hours in a workweek, Osterman Propane failed to pay overtime compensation to Plaintiff and others similarly situated on all time worked over 40 hours.

16. As a result of Defendants' policies and practices related to the automatic deduction of 30-minute meal breaks, their workers routinely are not paid the full amount owed within six days of the termination of the pay period.

17. As a result of Defendants' payment scheme, Plaintiff and others similarly situated have not been paid time-and-a-half for hours worked over 40 in a single work week.

## IV. CLASS ALLEGATIONS

18. The members of the Rule 23 class are readily ascertainable because the number and identity of the Rule 23 class members are determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23. This action is properly maintainable as a class action under Mass. R. Civ. P. 23(a)-(b).

19. The Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Upon information and belief, there are more than 50 Rule 23 class members.

20. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be sought by each Rule 23 class member in separate actions. All the Rule 23 class members were subject to the same corporate practices of Defendants, as alleged herein: failure to pay delivery drivers for all hours worked by automatically deducting compensation for meal breaks, during which time delivery drivers were not relieved of all duties and continued to perform work for the benefit of Defendants, and failure to pay overtime for all hours worked over 40 in a workweek.

21. Plaintiff and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' failure to pay wages and overtime in compliance with Massachusetts Payment of Wages Law and Massachusetts Overtime Law. Plaintiff and the Rule 23 class members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' company-wide policies and practices affected all Rule 23 class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each of the

Rule 23 class members. Although the amount of the individual class members' damages may vary depending on their periods of employment, those damages are readily ascertainable from the Defendants' financial records. As a result, common issues of liability predominate over individualized issues of damages.

22. Plaintiff is able to fairly and adequately protect the interest of the Rule 23 class members and has no interests antagonistic to the Rule 23 class members. Plaintiff is represented by attorneys who are experienced and competent in both employment litigation and class action litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of these claims, particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Among other things, individual adjudications would result in highly inefficient duplication of discovery, briefing of legal issues, and court proceedings. Moreover, in the absence of class action, the amount of each class member's damages likely would be too small to warrant separate legal action. If appropriate, the Court is empowered to fashion methods to efficiently manage this action as a class action.

24. Common questions of law and fact exist as to the Rule 23 class members that predominate over any question only affecting Plaintiff and the Rule 23 class members individually. These questions include whether the meal break was compensable working time and whether Defendants paid Plaintiff and the Rule 23 class members for all hours worked.

25. Plaintiff seeks certification of a class of similarly situated delivery drivers, who worked predominantly in Massachusetts at any time within three years of the commencement of this action up through the time of judgment.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Plaintiff filed a complaint with the Massachusetts Attorney General's Office and received a right-to-sue letter.

## VI. COUNTS OF THE COMPLAINT

### COUNT I
### VIOLATION OF PAYMENT OF WAGES LAW

27. Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

28. Defendants' automatic reduction of wages representing the 30-minute meal breaks, where Plaintiff and the Rule 23 class members were not relieved of all duties and continued to perform work for the benefit of Defendants, has deprived Plaintiff and the class members of money rightfully owed under the Massachusetts Wage Laws, in violation of Mass. Gen. Laws c. 149, §148.

29. Additionally, Defendants' failure to pay delivery drivers their regular rate of pay for all hours worked violates Mass. Gen. Laws c. 149, §148.

30. This claim is brought pursuant to M. G. L. c. 149, § 150.

### COUNT II
### NON-PAYMENT OF OVERTIME

31. Plaintiffs hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

32. Defendants' failure to pay delivery drivers one-and-a-half times their regular rate of pay for hours worked in excess of 40 per week violates M. G. L. c. 151, §1A. This claim is brought pursuant to M. G. L. c. 151, §1B.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action;

2. An award of damages for all wages and other losses to which Plaintiff and similarly situated employees are entitled;

3. Statutory trebling of all wage-related damages;

4. Attorneys' fees, costs, and interest; and

5. Such further relief as the Court deems fair and just.

## VII. JURY DEMAND

Plaintiff demands a TRIAL BY JURY on all claims so triable.

Respectfully submitted,
Daniel Walker, individually, and
on behalf of all others similarly situated,
By his attorney,

Dated: February 3, 2017

Todd J. Bennett (BBO# 643185)
tbennett@bennettandbelfort.com
Eric R. LeBlanc (BBO# 666786)
eleblanc@bennettandbelfort.com
Craig D. Levey (BBO# 681531)
clevey@bennettandbelfort.com
Sarah E. Amundson (BBO# 691089)
samundson@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617)577-8800



| CIVIL ACTION COVER SHEET | DOCKET NO(s) B.L.S. 17-0384 | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) Daniel Walker, on behalf of himself and all others similarly situated | | DEFENDANT(S) Osterman Propane LLC and Vincent Osterman One Memorial Square Whitinsville, MA 01588 |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number [illegible attorney info] Bennett & Belfort PC 24 Thorndike Street, Suite 300 Cambridge, MA 02141  Phone: 617 577 8800 | | ATTORNEY (if known) |

Origin Code Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? * YES
(B) ⊠ Yes ( ) No

## BA2: Claims relating to employment agreements

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session

This Complaint is eligible for the Business Litigation Session due to the complex nature of the following claims against the Defendant(s):

(1) Class action claims for violations of M.G.L. c. 149, Sec. 148 by automatic reduction of wages for purported meal breaks

(2) Class action claims for violation of M.G.L. c. 149, Sec. 148 by failure to pay regular rate of pay for all hours worked

(3) Class action claims for violation of M.G.L. c. 151, Sec. A by failure to pay time and a half for overtime hours worked

The Defendants' conduct has caused the Plaintiff and others similarly situated to suffer considerable damages.

This case will require the substantial case management that can be provided by the Business Litigation Session.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record _____
DATE: 2/3/17