UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIEL WALKER and ROBERT PISKADLO, on behalf of themselves and all others similarly situated,<br><br>        *Plaintiff*<br><br>v.<br><br>OSTERMAN PROPANE LLC and VINCENT OSTERMAN,<br><br>        *Defendants.* | Civil Action No. 1:17-cv-10416-PBS |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending in this Court titled Walker et al v. Osterman Propane, LLC et al, Civil Action No. 1:17-cv-10416-PBS (the "Action");

WHEREAS, by Order dated October 21, 2019 (the "Class Certification Order"), this Court certified a class defined as "All current and former propane delivery drivers in Massachusetts employed by Osterman Propane from February 4, 2014 through the present."

WHEREAS, (a) Lead Plaintiffs Daniel Walker and Robert Piskadlo (together, "Lead Plaintiffs") on behalf of themselves and the Class (defined below); and (b) Defendants Osterman Propane, LLC and Vincent Osterman (together "Defendants"; and together with Lead Plaintiffs, the "Parties"), thereafter determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Agreement signed by the Lead Plaintiffs and Defendants (the "Settlement Agreement") (attached as Exhibit 2 to Plaintiffs'

Assented-To Motion for Final Approval of Class Action Settlement), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated February 19, 2020 (the "Preliminary Approval Order"), and after hearing, this Court granted preliminary approval of the Settlement Agreement;

WHEREAS, due and adequate notice of the Settlement has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on August 3, 2020 (the "Settlement Hearing") to consider, without limitation, whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be finally approved, and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Jurisdiction - The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. The Court finds that the settlement memorialized in the Settlement Agreement is fair, reasonable and adequate under Fed. R. Civ. P. 23 and meets all requirements for final approval. The Court hereby finally and unconditionally approves and gives effect to the Settlement Agreement in its entirety. The Court finds that the terms and provisions of the

Settlement Agreement have been entered into in good faith and are in the best interest of the Class and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Rules of the Court, due process, and any other applicable law.

3. The Court affirms and incorporates herein the Class Certification Order, including without limitation the definition of the Class, the appointment of Class Counsel, and the appointment of the Lead Plaintiffs as Class Representatives.

4. Pursuant to the Settlement Agreement, the "Settlement Class" shall consist of all current and former propane delivery drivers in Massachusetts employed by Osterman Propane, LLC assigned to a Massachusetts Osterman Propane, LLC branch from February 4, 2014, through February 19, 2020 who have not opted out of the class certified by the Court on October 21, 2019. Timely "opt-outs" from the Class were filed on the docket as Docket Entry No. 173, and the individuals identified therein are excluded from the Settlement Class.

5. Pursuant to Fed. R. Civ. P. 23(h)(3), the Court makes the following findings of fact and legal conclusions in approving Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs ("Motion for Fees and Costs"). The "common-fund" doctrine allows counsel to draw a reasonable fee as a percentage of the fund created by a settlement for the benefit of the class. *Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). The "percentage of fund" approach offers distinctive advantages including: (1) it is less burdensome to administer; (2) it reduces the possibility of collateral disputes; (3) it enhances the efficiency throughout the litigation; (4) it is less taxing on judicial resources; and (5) it better approximates the workings of the marketplace. *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995). For these reasons, the "use of the [percentage of fund] method in common fund cases is the prevailing praxis." *Id.* Indeed, there is a "clear consensus among federal and

state courts" that the percentage of fund approach is the more efficient, better reasoned, and effective method. *See, e.g., Archbold v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 92855, at *11 (S.D.W.Va. July 13, 2015) (citing a "clear consensus among federal and state courts . . . that the award of attorneys' fees in common fund cases should be based on a percentage of the recovery" because "the percentage of fund approach is the better-reasoned and more equitable method of determining attorneys' fees in such cases.").

Multiple considerations support approval of the requested award of fees and costs. First, the Settlement provides for a substantial award of money for the benefit of approximately 167 members of the Settlement Class. Second, no member of the Class objected to the proposed award of fees and costs. Third, class counsel demonstrated resourcefulness, skill, efficiency, and determination in these cases. *See in re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85-89 (D. Mass. 2005) (citing factors). Fourth, the amount of time spent on these matters has been substantial, as demonstrated by class counsels' lodestar, which totaled $389,110 as of the date of plaintiffs' Motion for Fees and Costs. Even without taking into account the additional time that class counsel have and will spend on settlement administration, the multiplier in this case is substantially less than one, which is modest for a case like this one. *See, e.g., Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (multiplier of 4.65); *in re Rite Aid Corp. Secs. Litig.*, 146 F. Supp. 2d 706, 736 n.44 (E.D. Pa. 2001) (concluding that, under the cross-check approach, a lodestar multiplier in the range of 4.5 to 8.5 was "unquestionably reasonable"); *New Eng. Carpenters Health Benefits Fund v. First Databank*, 2009 U.S. Dist. LEXIS 68419, at *8 (D. Mass. Aug. 3, 2009) (Saris, J.) (awarding a fee representing a multiplier of approximately 8.3 times the lodestar). Fifth, class counsel advanced out-of-pocket expenses in the amount of $21,895.80, exclusive of costs of administration.

6. Settlement funds, totaling seven hundred and fifty thousand dollars ($750,000), shall be distributed in accordance with the Settlement Agreement.

7. The Settlement Class shall be bound by the Settlement Agreement.

8. Without affecting the finality of this Order, the Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement and this Order.

9. This Action and all released claims are otherwise dismissed on the merits, with prejudice, and with each party to bear its own costs, except as otherwise set forth in this Order.

IT IS SO ORDERED.

Dated: __August 3__, 2020                    /s/ Patti B. Saris USDJ